

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOELLE THAYER,

          Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

          Defendant-Appellee.

No. 17-35199

D.C. No. 2:16-cv-00545-DWC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted January 16, 2019[**]

Before TROTT, SILVERMAN, and TALLMAN, Circuit Judges:

Joelle Thayer appeals the district court order affirming the Commissioner's

denial of applications for disability benefits. We review the district court order de

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo and the agency decision for legal error and substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014). We affirm.

The ALJ gave specific and legitimate reasons supported by substantial evidence for giving less weight to some of the opinions of Anselem Parlatore, Ph.D., who examined Thayer for state benefits. *Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 (9th Cir. 2006) (requiring specific and legitimate reasons to give less weight to controverted opinions). The record supports the ALJ's findings that the opinions were internally inconsistent, without any explanation for the inconsistencies; inconsistent with clinical observations and testing; inconsistent with treatment records and the record as a whole; and specifically premised on Thayer's statements, which the ALJ found to be unreliable and inconsistent with other statements Thayer made in the record. An ALJ may give less weight to opinions that are brief, conclusory and inadequately supported by clinical findings or are inconsistent with examination or treatment records. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216-17 (9th Cir. 2005); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Also, an ALJ may give less weight to a mental health opinion when it relies "more heavily" on self-reports than on clinical observations, particularly when the ALJ properly

discounts the claimant's testimony as not credible. *Buck v. Berryhill,* 869 F.3d 1040, 1049 (9th Cir. 2017).

The ALJ also gave specific and legitimate reasons supported by substantial evidence for giving less weight to the opinions of David Myers, Ph.D.,[1] who reviewed the record and testified at the hearing. Dr. Myers relied on the properly discounted, unsupported opinions of Dr. Parlatore. In addition, as the ALJ found, Dr. Meyers conceded that his opinions were inconsistent with Thayer's past work history.

We decline to address Thayer's challenge to the ALJ's treatment of other reviewing opinions. Thayer waived the argument by not raising it to the district court and waived any arguments regarding exceptional circumstances by not addressing waiver in her opening brief. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009).

**AFFIRMED.**

---

[1]Dr. Myers's name is spelled in various ways throughout the record. "David A. Myers, Ph.D." is how it appears in his resume.